olina is the more appropriate choice. Since the crash occurred within that district, most of the eyewitnesses as well as the air traffic controllers who were issuing instructions to the aircraft are located there. Moreover, the tape recordings of the communications between the aircraft and the controllers and the documents relating to the flight plan, route and approach path of the aircraft are in the Charlotte Tower at Douglas Municipal Airport. Thus, North Carolina will be the focal point for discovery on the issue of liability.

It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the Western District of North Carolina be, and the same hereby are, transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable James B. McMillan for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

**Eastern District of Virginia**

| | |
|---|---|
| Stephen C. Swain, etc. v. Eastern Air Lines, Inc. | Civil Action No. 74-463-N |

**Western District of North Carolina**

| | |
|---|---|
| Mrs. Betty Stamey Shelley, etc. v. Eastern Air Lines, Inc. | Civil Action No. C74-260 |
| Mrs. Lydia Burk Norem v. Eastern Air Lines, Inc. | Civil Action No. C75-31 |

**District of South Carolina**

| | |
|---|---|
| Sam H. Brummer, etc. v. Eastern Air Lines, Inc. | Civil Action No. 74-1270 |
| Caroline B. Burnham v. Eastern Air Lines, Inc. | Civil Action No. 74-1572 |
| Robert M. Burnham v. Eastern Air Lines, Inc. | Civil Action No. 74-1477 |
| Patricia N. Hendrix v. Eastern Air Lines, Inc. | Civil Action No. 74-1576 |
| Royal F. Hendrix, III v. Eastern Air Lines, Inc. | Civil Action No. 74-1462 |
| Scott R. Johnson, etc. v. Eastern Air Lines, Inc. | Civil Action No. 74-1479 |
| Linda Gail Schulze v. Eastern Air Lines, Inc. | Civil Action No. 74-1640 |
| Jean J. McFall, etc. v. Eastern Air Lines, Inc. | Civil Action No. 75-12 |
| James L. Schulze, Jr. v. Eastern Air Lines, Inc. | Civil Action No. 74-1641 |

---

In re AIR CRASH DISASTER AT CHATTANOOGA, TENNESSEE, ON NOVEMBER 27, 1973.

No. 200.

Judicial Panel on Multidistrict Litigation.

April 17, 1975.

As Amended April 22, 1975.

Defendant airline moved that the single action arising out of airplane crash pending in district other than the one in which crash occurred be transferred to the district in which crash occurred and in which six other actions arising out of crash were pending for coordinated or consolidated pretrial proceedings. The Judicial Panel on Multidistrict Litigation held that the actions involved were common questions of fact and that the transfer would best serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation.

Order entered transferring action for coordinated or consolidated pretrial proceedings.

Courts ⟺277.2

Where six actions arising from airplane crash were pending in district in which accident occurred and one was pending in another district, pursuant to the unopposed motion of defendant airline the Judicial Panel on Multidistrict Litigation transferred single action pending in another district to the district in which the six actions were pending for coordinated or consolidated pretrial proceedings, since actions involved common questions of fact and the transfer would best serve convenience of parties and witnesses and promote the just and efficient conduct of litigation. 28 U.S.C.A. § 1407.

IN RE AIR CRASH, AT CHATTANOOGA, TENN., NOV. 27, 1973    1407
Cite as 399 F.Supp. 1406 (1975)

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

On November 27, 1973, a Delta Airlines DC-9 jet aircraft en route from Atlanta, Georgia, to Chattanooga, Tennessee, crashed while making an approach to the Chattanooga, Tennessee, Municipal Airport. As a result of the crash, 38 passengers and four crew members were injured; there were no fatalities. Seven actions arising from the incident are currently pending in two different districts: six in the Eastern District of Tennessee and one in the Middle District of Florida.

Defendant Delta moves the Panel for an order transferring the Florida action to the Eastern District of Tennessee for coordinated or consolidated pretrial proceedings pursuant to Section 1407 with the actions already pending there. No one opposes the motion. On the basis of the papers filed, we find that these actions involve common questions of fact and that transfer of the Florida action to the Eastern District of Tennessee for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

As is usually the case in multidistrict air disaster litigation, common factual questions abound among these actions on the issue of liability. Thus, Section 1407 proceedings will prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings.

We have generally assigned air crash litigation to the district in which the crash has occurred. See, e. g., In re Florida Everglades Air Disaster Litigation, 360 F.Supp. 1394, 1395 (Jud.Pan. Mult.Lit.1973); In re Huntington, West Virginia, Air Disaster Litigation, 342 F.Supp. 1400, 1403 (Jud.Pan.Mult.Lit. 1972). There is no reason to deviate from that general rule in this litigation. The crash occurred within the Eastern District of Tennessee and many of the relevant documents and anticipated witnesses, including all of the ground and most of the passenger eyewitnesses, are located there.

It is therefore ordered that the action listed on the attached Schedule A and pending in the Middle District of Florida be, and the same hereby is, transferred to the Eastern District of Tennessee and, with the consent of that court, assigned to the Honorable Frank W. Wilson for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A that are pending in that district.

### SCHEDULE A

#### Middle District of Florida

| | |
|---|---|
| J. T. Roberts, Sr. v. Delta Air Lines, Inc. | Civil Action No. 74-700 Civ. T.K. |

#### Eastern District of Tennessee

| | |
|---|---|
| L. H. McWhirter v. Delta Air Lines, Inc. | Civil Action No. 1-74-207 |
| Clemencia & Irving Sackariasen v. Delta Air Lines, Inc. | Civil Action No. 1-74-220 |
| G. T. Sikes v. Delta Air Lines, Inc. | Civil Action No. 1-75-4 |
| James Ralph Bonner v. Delta Air Lines, Inc. | Civil Action No. 1-74-230 |
| Franklin L. Haney v. Delta Air Lines, Inc. | Civil Action No. 1-74-219 |
| Robert A. Applewhite v. Delta Air Lines, Inc. | Civil Action No. 1-74-221 |



consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency. *See, e. g., In re Multidistrict Private Civil Treble Damage Litigation Involving Plumbing Fixtures,* 308 F.Supp. 242, 243–44 (Jud. Pan.Mult.Lit.1970); *In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs,* 299 F.Supp. 1403, 1405 (Jud.Pan.Mult.Lit.1969); *In re Plumbing Fixture Cases,* 298 F.Supp. 484, 493–95 (Jud.Pan.Mult.Lit.1968).

We also concur with the parties' view that the Western District of Missouri is the most appropriate transferee forum for this litigation. The action pending in this district is the most extensive of the six actions, and it also appears to be the furthest advanced.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and not pending in the Western District of Missouri be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable James H. Gorbey, sitting by designation pursuant to 28 U.S.C. § 292(b), for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

### SCHEDULE A

**Eastern District of Arkansas**

| | |
|---|---|
| Van-S-Aviation Corp. v. Memphis Aero Corp., et al. | Civil Action No. LR-75-C-107 |

**Northern District of Georgia**

| | |
|---|---|
| Van-S-Aviation Corp. v. Epervita, Inc. | Civil Action No. C 75-803A |

**Eastern District of Illinois**

| | |
|---|---|
| Van-S-Aviation Corp. v. Tufts Edgcumbe, Inc., et al. | Civil Action No. 75-2-050 |

**District of Connecticut**

| | |
|---|---|
| Van-S-Aviation Corp. v. E. W. Wiggins Airways, Inc. | Civil Action No. H75-151 |

**District of South Carolina**

| | |
|---|---|
| Van-S-Aviation Corp. v. Hawthorne Aero Sales, et al. | Civil Action No. CA75-678 |

**Western District of Missouri**

| | |
|---|---|
| Van-S-Aviation Corp. v. Piper Aircraft Corp., et al. | Civil Action No. 73CV614-W-4 |

---

In re SUGAR INDUSTRY ANTITRUST LITIGATION.

E. O. Hudson, Sr., et al. v. Savannah Foods & Industries, Inc., et al.

D. South Carolina, Civil Action No. 75-1147

No. 201A.

Judicial Panel on Multidistrict Litigation.

Dec. 16, 1975.

The Judicial Panel on Multidistrict Litigation, in order to minimize duplication of pretrial proceedings, severed and transferred claims of plaintiffs in antitrust action involving sugar industry against one defendant, which transacted business primarily in eastern United States and which was not named in currently pending California litigation but was so named in Pennsylvania litigation, to Eastern District of Pennsylvania for inclusion with similar case, and transferred claims against remaining defendants to Northern District of California, where all but one of remaining defendants transacted business primarily in western United States, claims against such defendants involved factual issues similar to those involved in California litigation, and transfer as to remaining defendant, which transacted business in both eastern and western United States, increased likelihood that east-west dichotomy, which was justified by substantial distinction between defendants, markets and economic and conspiratorial issues, would remain intact.

Ordered accordingly.

1. Courts ⟺277.2

In order to minimize duplication of pretrial proceedings, claims of plaintiffs, who alleged that defendants had violated federal antitrust laws by combining to monopolize and restrain trade in sugar and by adopting and utilizing pricing structure that resulted in unlawful price discrimination, against one defendant, which transacted business primarily in eastern United States and which was not